

1   Steven L. Rodriguez, State Bar No. 199313
    COZEN O'CONNOR
2   425 California Street, Suite 2400
    San Francisco, CA 94104
3   Telephone: 415.617.6103
    Facsimile: 415.617.6101
4   Email: srodriguez@cozen.com

5   Christopher B. Kende, State Bar No. 182711
    Christopher Raleigh, *To Seek Pro Hac Vice Admission*
6   COZEN O'CONNOR
    45 Broadway, 16th Floor
7   New York, NY 10006
    Telephone: 212.509.9400
8   Facsimile: 212.509.9492
    Email: ckende@cozen.com
9   Email: craleigh@cozen.com

10  Attorneys for Defendant                          EMC
    AIR FRANCE
11

12                  UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14
                                        CV 08        0134
15  CARMELITA LLORERA, ESTATE OF ROMIEL )   Case No.: _____
    LLORERA,                            )
16                                      )   **NOTICE OF REMOVAL OF ACTION**
                 Plaintiffs,            )   **PURSUANT TO 28 U.S.C. §1441(B)**
17                                      )   **(FEDERAL QUESTION AND**
          vs.                           )   **DIVERSITY)**
18                                      )
    AIR FRANCE,                         )
19                                      )
                 Defendant.             )
20                                      )
                                        )
21  _____ )

22        Defendant AIR FRANCE, by its attorneys COZEN O'CONNOR, respectfully files this

23  Notice of Removal pursuant to 29 U.S.C. Sec. 1441(a), and in support thereof states the following:

24        1.      On or about December 10, 2007, an action was commenced in the Superior Court of

25  California, County of San Francisco entitled Carmelita Llorera, Estate Of Romiel Llorera, Case No.

26  CGC-07-469899 ("State Court Action"). A true and accurate copy of the Complaint is attached

27  hereto as Exhibit "A". On or about January 2, 2008, plaintiffs CARMELITA LLORERA and

28  ESTATE OF ROMIEL LLORERA (hereinafter "Plaintiffs") filed their First Amended Complaint.

                                          1

    _____
        NOTICE TO ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT

1   A true and correct copy of Plaintiffs' First Amended Complaint is attached hereto as Exhibit "B."

2   Plaintiffs allege wrongful death and survivorship arising from the death of a Romiel Llorera, who

3   was a passenger aboard an international AIR FRANCE flight from Paris, France to San Francisco,

4   California when he died.

5           2.      AIR FRANCE was not served with Plaintiffs' original Complaint nor has it been

6   served with the Plaintiffs' First Amended Complaint. AIR FRANCE has not filed any responsive

7   pleadings in the State Court Action. As required by 28 USC 1446 (b), this Notice of Removal is

8   accordingly being filed with this Court "within thirty (30) days after receipt by the defendant,

9   through service or otherwise, of a copy of the initial pleading setting forth the claim for relief" upon

10  which the State Court Action is based.

11          3.      Plaintiff Carmelita Llorera is an individual and a citizen of the State of California.

12  AIR FRANCE is informed and believes that decedent Romiel Llorera was a citizen of the State of

13  California at the time of his death.

14          4.      AIR FRANCE is a French corporation and airline with its principal place of business

15  in Paris, France.

16          5.      Since the State Court Action is a civil action which alleges injury or death arising out

17  of an international flight, it is governed by a treaty of the United States, specifically the Convention

18  for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into

19  force on Nov. 4, 2003) (the Montreal Convention), reprinted in S. Treaty Doc. No. 106-45, 1999 WL

20  333292734 (2000). The Montreal Convention supersedes the Convention for the Unification of

21  Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, 137

22  L.N.T.S. 16 ("Warsaw Convention"), reprinted in 49 U.S.C. § 40105. The District Court

23  accordingly has federal question jurisdiction over the Plaintiffs' claim since it is governed by a treaty

24  of the United States and may be removed to this Court pursuant to the provisions of 28 U.S.C. §

25  1441(b).

26          6.      Apart from the court having federal question jurisdiction over Plaintiffs' claims, there

27  is complete diversity of citizenship among and between the Plaintiffs on the one hand (California

28                                                    2

NOTICE TO ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT

residents) and AIR FRANCE (a French corporation) on the other hand. While Plaintiffs' Complaint and First Amended Complaint are silent as to the amount of damages they seek, the matter in controversy will exceed the sum of $75,000, exclusive of interest and costs. AIR FRANCE disputes that it is liable for any amount whatsoever related to the matter in controversy; however, it appears from the First Amended Complaint that Plaintiffs' alleged claims will exceed $75,000, insofar as:

(a)    Plaintiffs claim that AIR FRANCE denied decedent Romiel Llorera's boarding in Paris, France on January 2, 2006 and, that AIR FRANCE did not board Mr. Llorera on a flight to San Francisco until January 3, 2006. Plaintiffs claim that AIR FRANCE caused Mr. Llorera to miss a medical appointment in California and failed to act reasonably by not boarding Mr. Llorera on January 2, 2006. Mr. Llorera died during the flight from Paris, France to San Francisco, California;

(b)    Plaintiffs allege the following causes of action against AIR FRANCE: breach of contract, general negligence, "wrongful death under Article 17 of the Warsaw Convention and the Montreal Protocol No. 4. *See*, Plaintiffs' First Amended Complaint, p. 2, attached hereto as Exhibit "B;" and

(c)    Plaintiffs seek the following relief from AIR FRANCE: monetary damages, attorneys' fees, loss of consortium, and punitive damages. *See*, Plaintiffs' First Amended Complaint, pages 2, 3 and 6, attached hereto as Exhibit "B."

7.    As amply demonstrated above, the District Court has original jurisdiction over this matter pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1332.

8.    AIR FRANCE will, upon filing of this Notice of Removal, as required by 28 U.S.C. Sec. 1446(d), file a copy of the Notice of Removal with the Clerk of the Superior Court of the State of California, County of San Francisco, and will serve a copy of same upon Plaintiffs' counsel.

///

///

///

///

3

NOTICE TO ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT

1     9.     AIR FRANCE hereby asserts that this removal in no way constitutes: a waiver of any

2   jurisdictional defenses to the claims of either Plaintiffs; a waiver of any defense or contest to the

3   validity and effectiveness of service of process upon AIR FRANCE; a waiver of the statute of

4   limitations defense; a waiver of the defense that AIR FRANCE is not a proper party to this lawsuit;

5   or a waiver of any other defense or pleading challenges.

6   DATED: January 8th, 2008                    COZEN O'CONNOR

7

8                                              By: _____

9                                                   STEVEN L. RODRIGUEZ
                                                    Attorneys for Defendant
10                                                  AIR FRANCE

11   SAN_FRANCISCO\44879\1  217159.000

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                              4

# EXHIBIT A

SUMMONS ISSUED

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Carmelita Llorera
Estate of Romiel Llorera
125 Parkhaven Drive
Vallejo, CA 94591
TELEPHONE NO: (707) 319-9037      FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*  in pro per

FOR COURT USE ONLY
FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

2007 DEC 10 PM 4 00

GORDON PARK - LI, CLERK

BY: J. STEPPE
DEPUTY CLERK

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102-4514
BRANCH NAME:

PLAINTIFF: Carmelita Llorera, Estate of Romiel Llorera

DEFENDANT: Air France

[✓] DOES 1 TO 50

CASE MANAGEMENT CONFERENCE SET

MAY 0 9 2008 -9:00AM

DEPARTMENT 212

**CONTRACT**

[✓] COMPLAINT      [ ] AMENDED COMPLAINT *(Number):*

[ ] CROSS-COMPLAINT   [ ] AMENDED CROSS-COMPLAINT *(Number):*

Jurisdiction *(check all that apply):*
[ ] ACTION IS A LIMITED CIVIL CASE
   Amount demanded [ ] does not exceed $10,000
           [ ] exceeds $10,000 but does not exceed $25,000
[✓] ACTION IS AN UNLIMITED CIVIL CASE  (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
   [ ] from limited to unlimited
   [ ] from unlimited to limited

CASE NUMBER:

CGC-07-469899

1. Plaintiff* *(name or names):*
Carmelita Llorera, Estate of Romiel Llorera
alleges causes of action against defendant* *(name or names):*
Air France

2. This pleading, including attachments and exhibits, consists of the following number of pages:

3. a. Each plaintiff named above is a competent adult
    [✓] except plaintiff *(name):* Estate of Romiel Llorera, Deceased
       (1) [ ] a corporation qualified to do business in California
       (2) [ ] an unincorporated entity *(describe):*
       (3) [✓] other *(specify)* Deceased husband of plaintiff Carmelita Llorera whose claims
                  are being brought by his surviving spouse.
  b. [ ] Plaintiff *(name):*
    a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*

    b. [ ] has complied with all licensing requirements as a licensed *(specify):*
  c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant named above is a natural person
    [✓] except defendant *(name):*          [ ] except defendant *(name):*
       (1) [ ] a business organization, form unknown    (1) [ ] a business organization, form unknown
       (2) [✓] a corporation                (2) [ ] a corporation
       (3) [ ] an unincorporated entity *(describe):*     (3) [ ] an unincorporated entity *(describe):*

       (4) [ ] a public entity *(describe):*         (4) [ ] a public entity *(describe):*

       (5) [ ] other *(specify):*            (5) [ ] other *(specify):*

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant      Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]

**COMPLAINT—Contract**

Code of Civil Procedure, § 425.12

American LegalNet, Inc.
www.FormsWorkflow.com

PLD-C-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Llorera v. Air France | |

4. *(Continued)*

    b. The true names of defendants sued as Does are unknown to plaintiff.

        (1) ☑ Doe defendants *(specify Doe numbers):* 1-50 _____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.

        (2) ☐ Doe defendants *(specify Doe numbers):* _____ are persons whose capacities are unknown to plaintiff.

    c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.

    d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. ☐ Plaintiff is required to comply with a claims statute, and
    a. ☐ has complied with applicable claims statutes, *or*
    b. ☐ is excused from complying because *(specify):*

6. ☐ This action is subject to    ☐ Civil Code section 1812.10    ☐ Civil Code section 2984.4.

7. This court is the proper court because
    a. ☑ a defendant entered into the contract here.
    b. ☐ a defendant lived here when the contract was entered into.
    c. ☐ a defendant lives here now.
    d. ☐ the contract was to be performed here.
    e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.
    f. ☐ real property that is the subject of this action is located here.
    g. ☐ other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

    ☑ Breach of Contract

    ☐ Common Counts

    ☑ Other *(specify):* Negligence, Wrongful death under Article 17 of the Warsaw Convention and the Montreal Protocol No. 4.

9. ☐ Other allegations:

10. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. ☑ damages of: $
    b. ☐ interest on the damages
        (1) ☐ according to proof
        (2) ☐ at the rate of *(specify):*     percent per year from *(date):*
    c. ☑ attorney's fees
        (1) ☐ of: $
        (2) ☐ according to proof.
    d. ☐ other *(specify):*

11. ☑ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*
    BC-1, BC-2, BC-3, BC-4, BC-5, BC-6 to page 3 of this complaint, GN-1 to page 5 of this complaint.

Date: 12/10/07

CARMELITA D. LLORERA     ▶ *(signature)*
_____      _____
(TYPE OR PRINT NAME)          (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001(1)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Llorera v. Air France | |

One _____ CAUSE OF ACTION—Breach of Contract
(number)

ATTACHMENT TO  ☑ Complaint  ☐ Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name):* Carmelita Llorera, Estate of Romiel Llorera

alleges that on or about *(date):*
a ☐ written ☐ oral ☐ other *(specify):*
agreement was made between *(name parties to agreement):*
Romiel Llorera and Air France
☐ A copy of the agreement is attached as Exhibit A, or
☑ The essential terms of the agreement ☐ are stated in Attachment BC-1 ☑ are as follows *(specify):*

Romiel Llorera purchased a round-trip airfare ticket to travel to France hereby creating an enforceable contract between the parties.

BC-2. On or about *(dates):* January 2, 2006
defendant breached the agreement by ☑ the acts specified in Attachment BC-2 ☐ the following acts
*(specify):*

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
☐ as stated in Attachment BC-4 ☑ as follows *(specify):*
As a result of Air France's refusal to board Romiel Llorera in accordance with his purchased ticket, Romiel Llorera had to take the subsequent flight and died shortly thereafter while in route from France to the United States. Romiel Llorera missed his dialysis appointment as a result of Air France's failure to board him on the plane with resulted in Romiel Llorera's death.

BC-5. ☑ Plaintiff is entitled to attorney fees by an agreement or a statute
☐ of $
☑ according to proof.
BC-6. ☑ Other:
Carmelita Llorera is the surviving spouse of Romiel Llorera. Carmelita Llorera alleges damages arising from the death of her husband in the form of loss of consortium, loss of household services and loss of love, comfort, companionship, society, solace and moral support.

Page _____ 3

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]

**CAUSE OF ACTION—Breach of Contract**

Code of Civil Procedure, § 425.12
www.courtinfo.ca gov

American LegalNet, Inc.
www.FormsWorkflow.com

PLD-PI-001(2)

| SHORT TITLE: <br> Llorera v. Air France | CASE NUMBER: |
|---|---|

Two _____  **CAUSE OF ACTION—General Negligence**  Page ___5___
    (number)

ATTACHMENT TO [✓] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):*  Carmelita Llorera, Estate of Romiel Llorera

alleges that defendant *(name):*  Air France

[✓] Does   1 _____ to   50 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date):*  January 2, 2006
at *(place):*  France

*(description of reasons for liability):*

Defendant Air France, on the date specified above, knew of Romiel Llorera's medical condition and his need for dialysis, and failed to exercise reasonable care by denying Romiel Llorera boarding in France. While at the airport, Romiel Llorera and his wife Carmelita Llorera repeatedly advised the agents of Air France that Romiel Llorera had a medical condition which required dialysis procedure performed when scheduled. Air France was put on notice of Romiel Llorera's medical condition and needs but failed to act reasonably under the circumstances.

As a result of Air France's failure to exercise reasonable care, Romiel Llorera missed his dialysis appointment and died in route from France to the United States.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

# EXHIBIT B

PLD-C-001

ATTORNEY OR PARTY WITHOUT ATTORNEY *(name, state bar number, and address)*:
Alexander Anolik, Esq. SBN 042685
Alexander Anolik, A PLC
2107 Van Ness Ave, Ste 200
San Francisco, CA 94109
TELEPHONE NO: 415-673-3333    FAX NO *(Optional)*: 415-673-3548
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Carmelita Llorera

FOR COURT USE ONLY

**FILED**
San Francisco County Superior Court

JAN 02 2008

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE San Francisco, CA 94102-4514
BRANCH NAME

PLAINTIFF: Carmelita Llorera
Estate of Romiel Llorera
DEFENDANT: Air France

☒ DOES 1 TO 50

CONTRACT

☒ COMPLAINT          ☒ AMENDED COMPLAINT *(Number)*:
One
☐ CROSS-COMPLAINT    ☐ AMENDED CROSS-COMPLAINT *(Number)*:

Jurisdiction *(check all that apply)*:
☐ ACTION IS A LIMITED CIVIL CASE
Amount demanded ☐ does not exceed $10,000
☐ exceeds $10,000 but does not exceed $25,000
☒ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
☐ from limited to unlimited
☐ from unlimited to limited

CASE NUMBER:
CGC-07-469899

1. Plaintiff *(name or names)*: Carmelita Llorera
Estate of Romiel Llorera
alleges causes of action against defendant *(name or names)*: Air France

2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. a. Each plaintiff named above is a competent adult
   ☒ except plaintiff *(name)*: Estate of Romiel Llorera, Deceased
   (1) ☐ a corporation qualified to do business in California
   (2) ☐ an unincorporated entity *(describe)*:
   (3) ☒ other *(specify)*: Deceased husband of plaintiff Carmelita Llorera whose claims are
   being brought by his surviving spouse.
   b. ☐ Plaintiff *(name)*:
   a. ☐ has complied with the fictitious business name laws and is doing business under the fictitious name *(specify)*:

   b. ☐ has complied with all licensing requirements as a licensed *(specify)*:
   c. ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.
4. a. Each defendant named above is a natural person
   ☒ except defendant *(name)*:            ☐ except defendant *(name)*:
   Air France
   (1) ☐ a business organization, form unknown    (1) ☐ a business organization, form unknown
   (2) ☒ a corporation                            (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe)*:   (3) ☐ an unincorporated entity *(describe)*:

   (4) ☐ a public entity *(describe)*:            (4) ☐ a public entity *(describe)*:

   (5) ☐ other *(specify)*:                       (5) ☐ other *(specify)*:

*If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.*

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]

ESSENTIAL FORMS™

COMPLAINT - Contract

Code of Civil Procedure § 425.12

Llorera, Carmelita

PLD-C-001

| SHORT TITLE: |   |
|---|---|
| Llorera v. Air France |   |

4. *(Continued)*

    b.  The true names of defendants sued as Does are unknown to plaintiff.

        (1) ☒ Doe defendants *(specify Doe numbers):*   1-50   were the agents or employees of the named defendants and acted within the scope of that agency or employment.

        (2) ☐ Doe defendants *(specify Doe numbers):*      are persons whose capacities are unknown to plaintiff.

    c.  ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.

    d.  ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. ☐ Plaintiff is required to comply with a claims statute, and

    a.  ☐ has complied with applicable claims statutes, or

    b.  ☐ is excused from complying because *(specify):*

6. ☐ This action is subject to   ☐ Civil Code section 1812.10   ☐ Civil Code section 2984.4 .

7. This court is the proper court because

    a.  ☒ a defendant entered into the contract here.

    b.  ☐ a defendant lived here when the contract was entered into.

    c.  ☐ a defendant lives here now.

    d.  ☐ the contract was to be performed here.

    e.  ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.

    f.  ☐ real property that is the subject of this action is located here.

    g.  ☐ other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

    ☒ Breach of Contract

    ☐ Common Counts

    ☒ Other *(specify):*   Negligence, Wrongful death under Article 17 of the Warsaw Convention and the Montreal Protocol No. 4

9. ☐ Other allegations:

10. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

    a.  ☒ damages of: $

    b.  ☐ interest on the damages

        (1) ☐ according to proof

        (2) ☐ at the rate of  *(specify):*   percent per year from *(date):*

    c.  ☒ attorney's fees

        (1) ☐ of: $

        (2) ☐ according to proof.

    d.  ☒ other *(specify):*   punitive damages

11. ☒ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

    BC-1, BC-2, BC-3, BC-4, BC-5, BC-6 to page 3 of this complaint, GN-1 to page 5 of this complaint.

Date:

Alexander Anolik
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001 (Rev. January 1, 2007)

☐ ESSENTIAL FORMS™

COMPLAINT - Contract

Page 2 of 2

Llorera, Carmelita

PLD-C-001(1)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Llorera v. Air France | |

One_____    **CAUSE OF ACTION-Breach of Contract**
(number)

ATTACHMENT TO ☑ Complaint    ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name)*:  Carmelita Llorera
            Estate of Romiel Llorera
alleges that on or about *(date)*:
a ☐ written  ☐ oral  ☐ other *(specify)*:
agreement was made between *(name parties to agreement)*: Romiel Llorera and Air France

☐ A copy of the agreement is attached as Exhibit A, or
☑ The essential terms of the agreement ☐ are stated in Attachment BC-1 ☑ are as follows *(specify)*:
Romiel Llorera purchased a roundtrip airfare ticket to travel
to France hereby creating an enforceable contract between the
parties.

BC-2. On or about *(dates)*: January 2, 2006
defendant breached the agreement by ☑ the acts specified in Attachment BC-2 ☐ the following acts
*(specify)*:

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
☐ as stated in Attachment BC-4 ☑ as follows *(specify)*:
As a result of Air France's refusal to board Romiel Llorera in
accordance with his purchased ticket, Romiel Llorera had to
take the subsequent flight and died shortly thereafter while
in route from France to the United States. Romiel Llorera
missed his dialysis appointment as a result of Air France's
failure to board him on the plane which resulted in Romiel
Llorera's death.

BC-5. ☑ Plaintiff is entitled to attorney fees by an agreement or a statute
☐ of $
☑ according to proof.

BC-6. ☑ Other: Carmelita Llorera is the surviving spouse of Romiel
Llorera. Carmelita Llorera alleges damages arising
from the death of her husband in the form of loss of
consortium, loss of household services and loss of
love, comfort, companionship, society, solace and
moral support.

Page 3_____

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]
ESSENTIAL FORMS™

**CAUSE OF ACTION-Breach of Contract**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

Llorera, Carmelita

MC-025

SHORT TITLE:
Llorera v. Air France

CASE NUMBER

ATTACHMENT (Number): BC-2
(This Attachment may be used with any Judicial Council form.)

Page 4 ____ of _____
(Add pages as required)

2  By purchasing airfare tickets from Air France, Romiel Llorera entered

3  into an enforceable contract under which Air France were to provide

4  transportation for Romiel Llorera to and from France. On January 2,

5  2006, Romiel Llorera attempted to board a plane in

6  France as a holder of a preffered ticket, when he was denied

7  boarding. By denying boarding to Romiel Llorera, Air France breached

8  its duty under the contract by failing to provide Romiel Llorera with

9  transportation from France in accordance with the purchased ticket.

10 As a result, Romiel Llorera missed his dialysis appointment

11 at Kaiser Permanente Vallejo Medical Center in California, scheduled

12 for January 2, 2006 at 10 a.m.  While at the airport, Romiel Llorera

13 and his wife Carmelita Llorera repeatedly advised the agents of Air

14 France that Romiel Llorera had a medical condition which required

15 dialysis procedure performed when scheduled. Air France's flight was

16 unreasonably overbooked, which resulted in Air France's denial to

17 board Romiel Llorera.  Further, Air France did not follow its own

18 "denied boarding" procedures because at minimum they failed to offer

19 more incentives to its passengers to volunteer for another flight and

20 ignored their priority boarding rules as to who should be bumped first

21 and who should be boarded.

22 Air France also failed to adequately ask for sufficient volunteers.

23 Furthermore, Air France utterly failed to property negotiate for

24 sufficient volunteers.  Air France was put on notice of Romiel

25 Llorera's medical condition and needs but failed act in accordance

26 with its contract with Romiel Llorera.

27 (If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under
penalty of perjury.)

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. January 1, 2007]
ESSENTIAL FORMS™

ATTACHMENT
to Judicial Council Form

www.courtinfo.ca.gov

Llorera, Carmelita

PLD-PI-001(2)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Llorera v. Air France | |

__Two__ _____   CAUSE OF ACTION- General Negligence    Page 5_____
(number)

ATTACHMENT TO ☒ Complaint    ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: Carmelita Llorera
                Estate of Romiel Llorera

alleges that defendant *(name)*: Air France

☒ Does    1____ to 50_____

was the legal (proximate) cause of damages to plaintiff.  By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff
. on *(date)*: January 2, 2006
at *(place)*: France

*(description of reasons for liability)* :
Defendant Air France, on the date specified above, knew of Romiel Llorera's
medical condition and his need for dialysis, and failed to exercise reasonable
care by denying Romiel Llorera boarding in France.  While at the Romiel
Llorera and his wife Carmelita Llorera repeatedly warned and notified the
agents of Air France that Romiel Llorera had a very serious medical condition
which required immediate dialysis procedure performed when scheduled.

Air France's flight was unreasonably overbooked, which resulted in Air
France's denial to board Romiel Llorera.  Further, Air France did not follow
its own "denied boarding" procedures because at minimum they failed to offer
more incentives to its passengers to volunteer for another flight and ignored
their priority boarding rules as to who whould be bumped first and who should
be boarded. Air France also failed to adequately ask for sufficient
volunteers.  Furthermore, Air France utterly failed to properly negotiate for
sufficient volunteers.
Additionally, Air France failed to re-route Romiel Llorera, under comparable
transport conditions, to his final destination at Air Frances' earliest
opportunity, in accordance with Article 8.1.(B) of the European Parlament and
the Council of the European Union.

Air France's unreasonable overbooking and failure to adequately ask for
sufficient volunteers constitutes conscious disregard of the safety of others.
By consciously and willfully disregarding Romiel Llorera's medical condition
and his need for immediate dialysis, Air France acted with malice, which
authorizes recovery of punitive damages.  According to sec 3294 of the CA Civ
Code, "malice means that a defendant acted with intent to cause injury or that
a defendant's conduct was despicable and was done with a willful and knowing
disregard of the rights or safety of another. A defendant acts with knowing
disregard when the defendant is aware of the probable dangerous consequences
of his, her, or its conduct and deliberately fails to avoid those
consequences."
Continued to Attachment GN on page 6.

Form Approved for Optional Use
Judicial Council of California
PLD-P-001(2) (Rev. January 1, 2007)   Manila Jones  ESSENTIAL FORMS™    CAUSE OF ACTION- General Negligence    Code of Civil Procedure § 425.12
www.courtinfo.ca.gov

Llorera, Carmelita

MC-025

SHORT TITLE:
Llorera v. Air France

.JE NUMBER:

1  ATTACHMENT (Number): CN____                    Page 6____ of ____
   (This Attachment may be used with any Judicial Council form.)      (Add pages as required)

2  Air France acted with malice because it knew of Romiel Llorerra's

3  serious medical condition and was aware of its probable dangerous

4  consequences, but knowingly disregarded and deliberately failed to act

5  under the circumstances. Therefore, Plaintiffs are authorized to pray

6  for punitive damages.

7

8  Air France was put on notice of Romiel Llorera's medical condition and

9  needs but it not only failed to act in accordance with its contract

10 with Romiel Llorera but also failed to act reasonably under the

11 circumstances.

12

13 As a result of Air France's failure to exercise reasonable care and

14 Air Frances' conscious disregard of Romiel Llorera's medical condition

15 and his need for dialysis, Romiel Llorera missed his dialysis

16 appointment and died in route from France to the United States.

17

18 Thus, because Air France acted with malice by consciously disregarding

19 Romiel Llorera's safety, Plaintiffs pray for general negligence

20 damages and punitive damages.

21

22

23

24

25

26

27 (If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under
   penalty of perjury.)

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
MC-025 (Rev. January 1, 2007)
ESSENTIAL FORMS™

ATTACHMENT
to Judicial Council Form

www.courtinfo.ca.gov

Llorera, Carmelita