1  Alexander Anolik (SBN 042685)
   Alexander Anolik, a PLC
2  2107 Van Ness Ave., Ste. 200
   San Francisco, CA 94109
3  Telephone: (415) 673-3333
   Facsimile: (415) 673-3548
4  E-Mail: anolik@travellaw.com

5  Attorney for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RECEIVED

FEB 21 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMELITA LLORERA, ESTATE OF ROMIEL LLORERA, <br><br>      Plaintiff, <br><br>    vs. <br><br> AIR FRANCE-KLM, COMPAGNIE NATIONAL AIR FRANCE, AND DOES 1 through 50, <br><br>      Defendant | Case No.: No. CV 08-00134-SC <br><br> **SECOND AMENDED COMPLAINT FOR BREACH OF CONTRACT, NEGLIGENCE AND MONTREAL CONVENTION TREATY** <br><br> DEMAND FOR JURY TRIAL |

Plaintiff CARMELITA LLORERA, ESTATE OF ROMIEL LLORERA ("plaintiff"),

through her attorney, herein allege Second Amended Complaint.

## JURISDICTION AND VENUE

1. Plaintiff's civil action alleges injury and death arising from an international airline flight,

and that decedent Romiel Llorera and plaintiff Carmelita Llorera, his surviving wife are

citizens of the United States. On information and belief, the Montreal Convention is a

Treaty by the United States, which was entered into force on Nov. 4, 2003 [i.e.

Convention for the Unification of Certain Rules for International Carriage by Air, May

28, 1999; S. Treaty Doc. 106-45, 1999 WL 333292734 (2000)]. It imposes obligations on

Air Carriers providing International air carriage and provides remedies to passengers. As a result, federal question jurisdiction exists given that plaintiff's action is governed by a treaty of the United States [Constitution, Article III, §2; 28 U.S.C. §1331].

2. In addition, plaintiff is a citizen of (and is domiciled in) the State of California. On information and belief, Defendant Air France-KLM, and its subsidiary, Compagnie National Air France is a foreign and French corporation, incorporated in France and with its principle place of business in France. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. As a result, federal Diversity jurisdiction exists [28 U.S.C. §1332(a)].

3. Venue is automatically proper in this court given that defendant removed the action from state court to a federal district court where the state action was pending [28 U.S.C. §1441(a)].

### STANDING

4. Carmilita Llorera is the surviving spouse and successor in interest to Romiel Llorera's claims and estate. This action includes her own individual claim,  Romiel Llorera's surviving claim and her claim for the wrongful death of Romiel Llorera.

5. Plaintiff is ignorant of the true names or capacities of the defendants sued herein as DOES 1 through 50, inclusive, and have therefore sued them by the foregoing fictitious names. Plaintiff alleges on information and belief that defendants DOES 1 through 50 were in some manner responsible for the damages caused to plaintiff by the actions alleged in this Second Amended Complaint, and plaintiff will seek leave of this Court to insert the true and correct names and capacities of any such DOE defendants once their identities are ascertained.

6.  Plaintiff alleges on information and belief that the names and capacities of the parties set forth as defendants in the Second Amended Complaint are true and correct. However, should plaintiff ascertain that the name and/ or capacity of one or more of said defendants is incorrectly stated, plaintiff will request leave of Court to insert the correct name and/ or capacity.

7.  Plaintiff alleges on information and belief that all defendants, including those designated as DOES 1 through 50, inclusive, are and were the assigns, agents, employees, co-venturers, partners, or in some manner agents or principles or both for each other, and in doing the acts alleged herein were at all times acting within the course and scope of their assignment, agency, employment, venture or partnership.

## GENERAL ALLEGATIONS

8.  Upon information and belief, plaintiff purchased round-trip tickets for her husband (Romiel Llorera-decedent), herself and her daughter for air carriage by Compagnie National Air France ("Air France").

9.  Upon information and belief, plaintiff purchased preferred tickets for air carriage.

10. Upon information and belief, the tickets provided for air carriage from San Francisco, California to France on or about December 19, 2005 and return air carriage from France to San Francisco on January 2, 2006.

11. Upon information and belief, plaintiff, Romiel Llorera and their daughter satisfied all conditions of their air carriage in presenting themselves for air carriage at the Charles De Gaulle airport in France on January 2, 2006.

12. Upon information and belief, Air France over-booked the flight.

Second Amended Complaint
Case No. CV 08-00134-SC

13. Upon information and belief, Air France's boarding-service counter personnel told plaintiff and Romiel Llorera that their air carriage via preferred tickets was in jeopardy given the overbooking of the flight.

14. Upon information and belief, plaintiff and Romiel Llorera informed Air France's boarding-service counter personnel that Romiel Llorera suffered from kidney failure requiring kidney dialysis three times a week on a strict, vital and urgent timetable; that Romiel Llorera was scheduled to receive dialysis in California the following day, that being January 3, 2006; that Romiel Llorera would not be able to obtain dialysis in France on January 2nd or 3rd on such short notice and without a dialysis appointment; that Romiel Llorera was not feeling well; that plaintiff was a Registered Nurse and that she provided important medical assistance to Romiel Llorera; and that it was critical to Romiel Llorera's well-being that Air France immediately provide or otherwise immediately arrange for air carriage to San Francisco, California, for purposes of medical treatment and dialysis.

15. Upon information and belief, plaintiff and Romiel Llorera requested that Air France's boarding-service counter personnel obtain assistance from a supervisor, who presumably would have superior experience, training and authority.

16. Upon information and belief, Air France's boarding-service counter personnel failed to properly and reasonably obtain assistance from a supervisor.

17. Upon information and belief, Air France has its own guideline and procedure for inducing and obtaining passengers to willingly "volunteer" to relinquish their confirmed reserved space in exchange for Air France's offer of compensation in the event of an oversold flight.

Second Amended Complaint
Case No. CV 08-00134-SC

4

18. Upon information and belief, Air France's boarding-service personnel failed to properly and reasonably follow its own guideline and procedure for inducing and obtaining passengers to willingly "volunteer" to relinquish their confirmed reserved space in exchange for Air France's offer of compensation given the oversold flight.

19. Upon information and belief, Air France has its own guideline and procedure establishing boarding priority rules.

20. Upon information and belief, Air France's boarding personnel failed to properly and reasonably follow its own guideline and procedure regarding its boarding priority rules given the circumstances.

21. Upon information and belief, Air France is an affiliate of "Sky Team" along with several other airlines.

22. Upon information and belief, Sky Team and its affiliates, including Air France promote their individual and collective ability to guaranteed air carriage by providing alternative air carriage through Sky Team.

23. Upon information and belief, Air France's boarding-service personnel failed to properly and reasonably seek to and obtain alternative air carriage through Sky Team for plaintiff, Romiel Llorera, and/ or for potential "volunteers".

24. Upon information and belief, Air France's boarding-service personnel unreasonably denied boarding to plaintiff and Romiel Llorera.

25. Upon information and belief, Air France failed to properly and reasonably train its boarding-service personnel.

26. Upon information and belief, Air France's boarding-service personnel arranged air carriage for plaintiff and Romiel Llorera for the following day that being January 3, 2006.

Second Amended Complaint
Case No. CV 08-00134-SC

27. Upon information and belief, Romiel Llorera did not receive the medical care and dialysis he was scheduled to receive on January 3, 2006 in California as a result of Air France's failure to provide air carriage or to obtain alternative air carriage through Sky Team on January 2, 2006 for plaintiff, Romiel Llorera and/ or for potential "volunteers".

28. Upon information and belief, Air France has medically trained personnel or persons, equipment and resources available to assist its passengers.

29. Upon information and belief, Air France failed to reasonably utilize its medically trained personnel or persons, equipment and resources to assist Romiel Llorera on January 2nd or 3rd, 2006.

30. Upon information and belief, Romiel Llorera, age 70, suffered, *inter alia*, Renal failure, Hypertensive Stroke, Hypertensive Cardiovascular Disease and died while on Air France's air carrier en route to San Francisco, California, on January 3, 2006.

31. Upon information and belief, Air France failed to provide proper and reasonable medical assistance in response to Romiel Llorera's medical emergency during the flight to San Francisco, California, on January 3, 2006.

32. Upon information and belief, Air France failed to properly take all necessary measures to avoid the damages sustained.

33. Upon information and belief, Air Frances's actions and omissions constitute willful misconduct.

## CLAIM NO. ONE – BREACH OF CONTRACT
### AGAINST ALL DEFENDANTS

34. Plaintiff re-alleges and hereby incorporates by reference all of the previous paragraphs as if fully re-stated herein.

35. Upon information and belief, the round-trip tickets plaintiff and Romiel Llorera purchased for air carriage by Air France created a binding and enforceable written contract between plaintiff and Romiel Llorera, individually and collectively as one party, and Air France as the other party.

36. Upon information and belief, Air France breached said contract.

37. Upon information and belief, plaintiff and Romiel Llorera suffered damages as a legal and proximate result of Air France's breach of said contract, including, *inter alia*, Romiel Llorera's wrongful death.

38. **WHEREFORE**, plaintiff, in both her individual and representative capacity, in regard to her own individual claim, Romiel's Llorera's surviving claim and her claim for the wrongful death of Romiel Llorera, prays for general, compensatory and consequential damages caused by Air France's breach of contract according to proof at trial, which amount is in excess of $75,000, including, *inter alia* damages for loss of consortium, loss of household services and loss of love, comfort, companionship, society, solace and moral support, together with interest and costs, and for such other relief the Court deems just and proper.

## CLAIM NO. TWO – NEGLIGENCE
### AGAINST ALL DEFENDANTS

39. Plaintiff re-alleges and hereby incorporates by reference all of the previous paragraphs as if fully re-stated herein.

40. Upon information and belief, Air France owed a duty of care to plaintiff and Romiel Llorera.

41. Upon information and belief, Air France breached its duty of care to plaintiff and Romiel Llorera, *inter alia*, by grossly overbooking the flight and by failing to reasonably minimize excessive overbooking.

42. Upon information and belief, plaintiff and Romiel Llorera suffered damages as a legal and proximate result of Air France's breach of said duty, including, *inter alia*, Romiel Llorera's wrongful death.

43. Upon information and belief, Air Frances's actions and omissions constitute malice, oppression and fraud as defined by California Civil Code section 3294, and plaintiff should recover in addition to actual damages, damages to make an example of and to punish Air France.

44. **WHEREFORE**, plaintiff, in both her individual and representative capacity, in regard to her own individual claim, Romiel's Llorera's surviving claim and her claim for the wrongful death of Romiel Llorera, prays for general, compensatory and consequential damages caused by Air Frances' negligence, and exemplary damages caused by Air France's malice according to proof at trial, which amount is in excess of $75,000, including, *inter alia* damages for loss of consortium, loss of household services and loss

1    of love, comfort, companionship, society, solace and moral support, together with interest

2    and costs, and for such other relief the Court deems just and proper.

### CLAIM NO. THREE – MONTREAL CONVENTION TREATY
#### AGAINST ALL DEFENDANTS

6    45. Plaintiff re-alleges and hereby incorporates by reference all of the previous paragraphs as

7        if fully re-stated herein.

8    46. Upon information and belief, the Montreal Convention Treaty (which supersedes the

9        Warsaw Convention Treaty) imposed obligations and a duty upon Air France in regard to

10       plaintiff and Romiel Llorera.

12   47. Upon information and belief, Air France breached its duty to plaintiff and Romiel

13       Llorera.

14   48. Upon information and belief, plaintiff and Romiel Llorera suffered damages as a legal

15       and proximate result of Air France's breach of its duty, including, *inter alia*,  Romiel

16       Llorera's wrongful death.

18   49. Upon information and belief, Regulation (EU) No 261/2004 Of The European Parliament

19       And Of The Council of 11 February 2004 ("European Denied Boarding Regulation")

20       falls within the Montreal Convention Treaty.

22   50. Upon information and belief, the European Denied Boarding Regulation imposed

23       obligations and a duty upon Air France in regard to plaintiff and Romiel Llorera.

24   51. Upon information and belief, Air France breached its duty to plaintiff and Romiel

25       Llorera.

52. Upon information and belief, plaintiff and Romiel Llorera suffered damages as a legal and proximate result of Air France's breach of its duty, including, *inter alia*, Romiel Llorera's wrongful death.

53. **WHEREFORE**, plaintiff, in both her individual and representative capacity, in regard to her own individual claim, Romiel's Llorera's surviving claim and her claim for the wrongful death of Romiel Llorera, prays for general, compensatory and consequential damages caused by Air Frances' breach of Montreal Convention Treaty and European Denied Boarding Regulation according to proof at trial, including, *inter alia* damages for loss of consortium, loss of household services and loss of love, comfort, companionship, society, solace and moral support, together with interest and costs, and for such other relief the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims and requested relief.

_____
Alexander Anolik

DATED: February 19, 2008

_____
Alexander Anolik
Attorney for Plaintiff

Second Amended Complaint
Case No. CV 08-00134-SC

10