Steven L. Rodriguez, State Bar No. 199313
COZEN O'CONNOR
425 California Street, Suite 2400
San Francisco, CA 94104
Telephone: 415.617.6100
Facsimile: 415.617.6101
Email: srodriguez@cozen.com

Christopher B. Kende, State Bar No. 182711
Christopher Raleigh, *Admitted Pro Hac Vice*
COZEN O'CONNOR
45 Broadway, 16th Floor
New York, NY 10006
Telephone: 212.509.9400
Facsimile: 212.509.9492
Email: ckende@cozen.com
Email: craleigh@cozen.com

Attorneys for Defendant
AIR FRANCE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMELITA LLORERA, ESTATE OF ROMIEL LLORERA,<br><br>Plaintiffs,<br><br>vs.<br><br>AIR FRANCE-KLM, COMPAGNIE NATIONAL AIR FRANCE, and DOES 1 through 50,<br><br>Defendants. | Case No.: 3:08-cv-00134-SC<br><br>**RESPONSE TO PLAINTIFFS' SEPARATE CASE MANAGEMENT STATEMENT** |

Defendant Air France submits this Response to Plaintiffs' Separate Case Management Statement ("Separate Statement") solely for the purpose of refuting Plaintiffs' baseless allegations as to its reasons for the delay in effecting service of process upon Air France.

1.   Plaintiffs filed suit against Air France in state court on or about December 10, 2007. Shortly thereafter, Plaintiffs' counsel held a press conference and/or issued a press release, which was reported in the media on December 27, 2007, describing the alleged incident at issue in the

1

1. lawsuit, and decrying the purported actions by Air France. However, Plaintiffs omitted to serve Air France with the Complaint.

2. Shortly thereafter, on or about January 2, 2008, Plaintiffs filed a First Amended Complaint. Once again, Plaintiffs did not serve the pleading on Air France.

3. Air France became aware of the lawsuit through the press release, and because the entry on the state court's docket was brought to its attention. Because 28 USC § 1446 requires removal within thirty days of when the defendant receives "through service or otherwise" a copy of a paper from which it may be discerned that there is a removable case, Air France removed the action to this Court on January 8, 2008, notwithstanding that it had not been served with the Complaint or First Amended Complaint. In its removal papers Air France specifically stated that it had not been served and that it would not waive the lack of service.[1] Plaintiffs did not oppose the removal petition, but they also did not serve Air France with the Complaint or the First Amended Complaint.

4. On or about February 26, 2008, Plaintiffs filed a Second Amended Complaint, but, as before, they did not to serve it on Air France.

5. Subsequently, and in connection with the Court's scheduling of an initial conference, there were a series of phone conversations between Plaintiffs' counsel, Alexander Anolik, and Steven Rodriguez, and Christopher Kende, both counsel for Air France, in which Air France's counsel repeated to Mr. Anolik that Air France had not been served (something which Mr. Anolik does not contest), and that Air France would not waive the lack of service (a right Mr. Anolik also does not contest). In none of those conversations did Mr. Anolik ever state that he did not know where to serve Air France, or that he had attempted service but was rebuffed. Nor did Mr. Anolik

---

[1] A defendant does not waive objections to service of process by removing a state court action to federal court. *Morris & Co. v;. Skandinavia Ins. Co* (1929) 279 U.S. 405, 409.

ever request the location of a U.S. office of Air France (which is readily available public information – in the phone book, among other places).

6.  To the contrary, Mr. Anolik took the position that he did not have to serve Air France, because – in his view – the electronic filing of an initial pleading constitutes service. Specifically, on April 2, 2008, some three months after the case was removed, Mr. Anolik wrote Air France's counsel, stating that in his view Northern District of California General Order No. 45 provided that the automatic e-mail message generated by the ECF system when a document is e-filed constitutes service and, thus, that Air France should be deemed to have been served with the pleadings. [A copy of the April 2 letter is attached hereto as Exhibit "A."]

7.  This plainly is an incorrect interpretation of the General Order, and Air France's counsel promptly responded by letter, dated April 7, 2008, explaining to Mr. Anolik that General Order No. 45, by its very terms, does not apply to complaints and other case-initiating documents. [A copy of the April 7 letter is attached hereto as Exhibit "B."]

8.  Apparently Mr. Anolik has now conceded that he must serve the Complaint, as we have been advised that the New York City office of Air France was provided with a copy of the Second Amended Complaint on the morning of April 22 (over four months after the Complaint was filed, and some three and a half months after Air France first stated that it had not been served and that it was not waiving the lack of service).

9.  Contrary to Plaintiffs' assertions in the Separate Statement, Defendant did not attempt to avoid process, or otherwise refuse to cooperate, as Plaintiffs portray the situation. Plaintiffs simply failed to effect service of process for over four months, as their counsel himself has admitted.

10. Plaintiffs offer a long list of things its counsel claims to have done in attempting to serve the Complaint, including internet searches on various web-sites, calls to seven separate secretary of state offices, calls to various federal agencies and so forth. Putting aside that Plaintiffs'

3

counsel does not indicate when he allegedly performed all these searches, *i.e.*, upon filing the pleadings or in the last two weeks, after receiving Air France's April 8 letter explaining that e-filing does not constitute service, it is clear that Plaintiffs could have discovered an address at which to serve Air France simply by looking in the phone book. Given the proliferation of on-line phone books, this would not have taken more than two minutes.

11. It is incontrovertible that Air France has the right to insist that it actually be served before being subjected to the jurisdiction of the Court, as provided for by Fed. R. Civ. P. 4 as well as the local rules of this Court and of every other court in this country. *See, e.g., Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, (9th Cir. 1988) 840 F.2d 685, 688 ("without substantial compliance with Rule 4 neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction"). Plaintiffs should not be allowed to excuse their inattention to this very basic requirement, after repeatedly having been advised thereof, as they attempt in their Separate Statement. Nor should they be allowed to pass the blame to Defendant, which did nothing to stymie service; and which protested for many months that it had not been served.

12. Now that service has been attempted, Air France will answer or otherwise respond, as provided for and as consistent with the Federal Rules of Civil Procedure.

DATED: April 23, 2008			COZEN O'CONNOR

					By:	/s/ Steven L. Rodriguez
						STEVEN L. RODRIGUEZ
						CHRISTOPHER B. KENDE
						CHRISTOPHER RALEIGH
						Attorneys for Specially-Appearing Defendant
						AIR FRANCE

SAN_FRANCISCO\46557\1  217159.000

4

---

RESPONSE TO PLAINTIFFS' SEPARATE CASE MANAGEMENT STATEMENT
CASE NO.: 3:08-cv-00134

# EXHIBIT A

# ALEXANDER ANOLIK

A Professional Law Corporation

**SAN FRANCISCO OFFICE**
2107 Van Ness Ave., Suite 200
San Francisco, CA 94109-2572
☐ Refer to the above main office

\* ALEXANDER ANOLIK
\* Also admitted in District of Columbia
JOHN H. CROSSFIELD II
ALEX F. PEVZNER

**MARIN COUNTY OFFICE**
280 Roundhill Road
Tiburon, CA 94920-0531
☐ Refer to the above branch office

April 2, 2008

*Via Mail*

Steven Rodriguez
Cozen O'Connor
425 California St., Suite 2400
San Francisco, CA 94104-4431

Christopher Kende
45 Broadway Atrium
16th Floor
New York, NY 10006

    Re:    Llorera v. Air France
    Our File:    11107-02

Sirs,

    We received your communications last week regarding your perceived lack of service for our Second Amended Complaint filed 2/26/08 in the Llorera v. Air France dispute.

    We have attached the e-filing docket which verifies that the Second Amended Complaint was filed with the U.S. District Court for the Northern District of California on 2/26/08.

    According to the civil local rules for the Northern District of California: "The automatic e-mail message generated by the ECF system and sent to all parties whose e-mail addresses have been registered in the case ... shall constitute service on the attorney or other persons in a case subject to ECF."

                                                      GENERAL ORDER NO. 45
                                                      ELECTRONIC CASE FILING

Sorry if there has been any confusion, if you need to see the Complaint, you can always log into your Pacer Account and view it under filed documents.

We were hoping to meet and confer some time before the due date for the joint Case Management Statement on the 18th of this month. Please contact our office and let us know what time will work for you.

Respectfully yours,

ALEXANDER ANOLIK, ESQ.

AA: aaa
cc: Client

ADRMOP, E-Filing

## U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:08-cv-00134-SC

| | |
|---|---|
| Llorera v. Air France | Date Filed: 01/09/2008 |
| Assigned to: Hon. Samuel Conti | Jury Demand: None |
| Case in other court: San Francisco Superior Court, CGC-07-469899 | Nature of Suit: 310 Airplane |
| | Jurisdiction: Diversity |
| Cause: 28:1441 Petition for Removal | |

**Plaintiff**

**Carmelita Llorera**  
*Estate of Romiel Llorera*

represented by **Alexander Anolik**
Alexander Anolik, P.L.C.
2107 Van Ness Avenue
Suite 200
San Francisco, CA 94109
415-673-3333
Fax: 415-673-3548
Email: Anolik@travellaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Air France-KLM**

represented by **Steven Lee Rodriguez**
Cozen O'Connor
425 California Street, Suite 2400
San Francisco, CA 94104-4431
415-617-6103
Fax: 415-617-6101
Email: srodriguez@cozen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher Burgess Kende**
COZEN & O'CONNOR
45 Broadway Atrium
16th floor
New York, NY 10006
(212) 908-1242
Fax: 212 509-9492
Email: ckende@cozen.com
*ATTORNEY TO BE NOTICED*

Christopher Raleigh
Cozen O'Connor
45 Broadway
16th Floor
New York, NY 10006
212-509-9400
Fax: 212-509-9492
Email: craleigh@cozen.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Compagnie National Air France**

| Date Filed | # | Docket Text |
|---|---|---|
| 02/26/2008 | 14 | SECOND AMENDED COMPLAINT against all defendants. Filed byCarmelita Llorera. (Anolik, Alexander) (Filed on 2/26/2008) Modified on 2/27/2008 (aaa, Court Staff). (Entered: 02/26/2008) |
| 02/21/2008 | | Received Second Amended Complaint by hard copy. Counsel are instructed by Senior Judge Conti's chambers to electronically post the second amended complaint. (aaa, Court Staff) (Filed on 2/21/2008) (Entered: 02/26/2008) |
| 01/25/2008 | 13 | ORDER by Judge Samuel Conti granting 11 Motion for Attorney Christopher Raleigh to appear Pro Hac Vice (tdm, COURT STAFF) (Filed on 1/25/2008) (Entered: 01/25/2008) |
| 01/23/2008 | | [Proposed] Order re 11 MOTION for leave for admission of Attorney Christopher Raleigh to appear in Pro Hac Vice ( Filing fee $ 210.00, receipt number 34611014920.) by Air France. (aaa, Court Staff) (Filed on 1/23/2008) (Entered: 01/24/2008) |
| 01/23/2008 | 12 | CERTIFICATE OF SERVICE by Air France re 11 MOTION for leave for admission of Attorney Christopher Raleigh to appear in Pro Hac Vice ( Filing fee $ 210.00, receipt number 34611014920.) (aaa, Court Staff) (Filed on 1/23/2008) (Entered: 01/24/2008) |
| 01/23/2008 | 11 | MOTION for leave for admission of Attorney Christopher Raleigh to appear in Pro Hac Vice ( Filing fee $ 210.00, receipt number 34611014920.) filed by Air France. (aaa, Court Staff) (Filed on 1/23/2008) (Entered: 01/24/2008) |
| 01/23/2008 | 10 | Certificate of Interested Entities by Air France *CORPORATE DISCLOSURE STATEMENT* (Rodriguez, Steven) (Filed on 1/23/2008) (Entered: 01/23/2008) |
| 01/22/2008 | 9 | CLERK'S NOTICE to Defendant(s) Attorney(s) by e-mail or U.S. mail re: Failure to E-File/E-Mail re 1 Notice of Removal & 2 Certificate of Service and/or Failure to Register as an E-Filer (aaa, Court Staff) (Filed on 1/22/2008) (Entered: 01/22/2008) |

| 01/14/2008 | 8 | CLERK'S NOTICE Case Management Conference set for 4/25/2008 10:00 AM. (tdm, COURT STAFF) (Filed on 1/14/2008) (Entered: 01/14/2008) |
| --- | --- | --- |
| 01/11/2008 | 7 | ORDER REASSIGNING CASE. Case reassigned to Judge Hon. Samuel Conti for all further proceedings. Judge Magistrate Judge Edward M. Chen no longer assigned to the case.. Signed by Executive Committee on 1/11/08. (as, COURT STAFF) (Filed on 1/11/2008) (Entered: 01/11/2008) |
| 01/10/2008 | 6 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge (bpf, COURT STAFF) (Filed on 1/10/2008) (Entered: 01/10/2008) |
| 01/09/2008 | 5 | CERTIFICATE OF SERVICE by Air France *ECF Registration; Welcome to the U.S. District Court, S.F.; Order Setting Initial Case Mgt. and ADR Deadlines; Notice of Assignment of Case to A U.S. Magistrate Judge for Trial* (Rodriguez, Steven) (Filed on 1/9/2008) (Entered: 01/09/2008) |
| 01/09/2008 | 4 | Declination to Proceed Before a U.S. Magistrate Judge by Air France. (Rodriguez, Steven) (Filed on 1/9/2008) (Entered: 01/09/2008) |
| 01/08/2008 | | CASE DESIGNATED for Electronic Filing. (sv, COURT STAFF) (Filed on 1/8/2008) (Entered: 01/09/2008) |
| 01/08/2008 | 3 | ADR SCHEDULING ORDER: Case Management Statement due by 4/9/2008. Case Management Conference set for 4/16/2008 01:30 PM. (Attachments: # 1 Standing Order for Judge Chen, # 2 Standing Order for all Judges)(sv, COURT STAFF) (Filed on 1/8/2008) (Entered: 01/09/2008) |
| 01/08/2008 | 2 | CERTIFICATE OF SERVICE by Air France re 1 Notice of Removal (sv, COURT STAFF) (Filed on 1/8/2008) Modified on 1/9/2008 (sv, COURT STAFF). (aaa, Court Staff). (Entered: 01/09/2008) |
| 01/08/2008 | 1 | NOTICE OF REMOVAL against Carmelita Llorera ( Filing fee $ 350, receipt number 34611014362). Filed by Air France. (sv, COURT STAFF) (Filed on 1/8/2008) . Modified on 1/9/2008 (sv, COURT STAFF). (aaa, Court Staff). (Entered: 01/09/2008) |

# EXHIBIT B



# COZEN
# O'CONNOR
## ATTORNEYS

A PROFESSIONAL CORPORATION

16TH FLOOR   45 BROADWAY   NEW YORK, NY 10006-3792   212.509.9400   800.437.7040   212.509.9492 FAX   www.cozen.com

April 7, 2008

Edward Hayum
Direct Phone 212.908.1232
Direct Fax  866.263.1336
ehayum@cozen.com

Alexander Anolik, Esq.
2107 Van Ness Avenue
Suite 200
San Francisco, CA 94109-2572

Re:   Llorera v. Air France

Dear Mr. Anolik:

    We are in receipt of your letter dated April 2, 2008, and have reviewed the General Order which you cite as authority for the purported proposition that the electronic filing of a complaint, coupled with the electronic receipt generated by the ECF system, constitutes service of the complaint.

    Not only does General Order No. 45 not say this, but it says exactly the opposite. Specifically, Section of V.A. of the Order, states as follows:

> Initiating Documents. Complaints, indictments and informations, including superseding indictments and informations, and other case-initiating documents shall be filed, any fees paid, and summons issued and *served in the traditional manner* on paper rather than electronically (emphasis supplied).

    This is in no way surprising, of course, as local procedural rules concerning electronic filing cannot supplant the dictates of Fed. R. Civ. P. 4, which sets forth the only ways in which a party may be served with process. *See, e.g., Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("without substantial compliance with Rule 4 neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction").

04-23-2008 02:31pm Case 3:08-cv-00134-SC From-Cozen O'Connor-San Francisco Document 20-2 +4150776101 Filed 04/23/2008 T-569 P.009/009 Page 9 of 9 F-778

Apr-23-08 04:28pm From-Cozen O'Connor -NEWYORK DOWNTOWN +2128098675 T-312 P.003/003 F-155

Alexander Anolik, Esq.
April 7, 2008
Page 2

---

The provision to which you refer -- which allows service by electronic filing -- applies only to the service of papers during a lawsuit, once the plaintiff has brought the defendant within the Court's personal jurisdiction by, among other things, properly serving the defendant. It does not apply to case-initiating documents which must be filed in the traditional manner in order to bring the defendant into court. In this respect, the General Order does not effect a departure in kind from the practice in pre-electronic filing days, where a party could be served by ordinary mail, but only after it had appeared in the case. By contrast, your mis-reading of the General Order would abrogate the constitutional requirement of proper service. That cannot be and, as evidenced by the above-quoted language of the General Order, that is not the case.

Simply stated, Air France has *never* been served with a summons and complaint in this matter.

Very truly yours,

COZEN O'CONNOR

By: Edward Hayum

cc: Christopher B. Kende, Esq.
Christopher Raleigh, Esq.
Steven Rodriguez, Esq.