Steven L. Rodriguez, State Bar No. 199313
COZEN O'CONNOR
425 California Street, Suite 2400
San Francisco, CA 94104
Telephone: 415.617.6103
Facsimile: 415.617.6101
Email: srodriguez@cozen.com

Christopher B. Kende, State Bar No. 182711
Christopher Raleigh, *Admitted Pro Hac Vice*
COZEN O'CONNOR
45 Broadway, 16th Floor
New York, NY 10006
Telephone: 212.509.9400
Facsimile: 212.509.9492
Email: ckende@cozen.com
Email: craleigh@cozen.com

Attorneys for Defendant
AIR FRANCE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMELITA LLORERA, ESTATE OF ROMIEL LLORERA,<br><br>Plaintiffs,<br><br>vs.<br><br>AIR FRANCE-KLM, COMPAGNIE NATIONAL AIR FRANCE, AND DOES 1 through 50,<br><br>Defendants. | Case No.: CV 08-001:34-SC<br><br>**ANSWER TO SECOND AMENDED COMPLAINT, WITH AFFIRMATIVE DEFENSES** |

Defendants AIR FRANCE-KLM and COMPAGNIE NATIONAL AIR FRANCE (collectively "AIR FRANCE"), by its attorneys COZEN O'CONNOR, answers the Second Amended Complaint (the "Complaint") herein, as follows:

1. Air France admits that this Court has subject matter jurisdiction over this action as alleged, denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the citizenship of Plaintiff, and denies that it caused any death or injury as alleged in the Complaint.

2. Air France admits that it is a French company with its principal place of business in France, denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the citizenship or domicile of Plaintiff, or the extent of the amount claimed by Plaintiff.

3. Air France admits the allegations of paragraph 3 of the Complaint.

4. Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint.

5. Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint is not a factual allegation such as requires a response.

7. Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint.

8. Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint.

9. Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint.

10. Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint.

11. Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint.

12. Air France denies the allegations of paragraph 12 of the Complaint.

13. Air France denies the allegations of paragraph 13 of the Complaint.

14. Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint.

15. Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint.

16. Air France denies the allegations of paragraph 16 of the Complaint.

17. Air France admits that it has certain procedures for dealing with its oversold international flights, but otherwise denies the allegations of paragraph 17 of the Complaint.

18. Air France denies the allegations of paragraph 18 of the Complaint.

19. Air France admits the allegations of paragraph 19 of the Complaint.

20. Air France denies the allegations of paragraph 20 of the Complaint.

21. Air France admits the allegations of paragraph 21 of the Complaint.

22. Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint.

23. Air France denies the allegations of paragraph 23 of the Complaint.

24. Air France denies the allegations of paragraph 24 of the Complaint.

25. Air France denies the allegations of paragraph 25 of the Complaint.

26. Air France admits that plaintiff and Romiel Romero were rescheduled for a fight leaving the following day, January 3, 2006.

27. Air France denies the allegations of paragraph 27 of the Complaint.

28. Air France admits that it has certain medical equipment on board many of its flights but otherwise denies the allegations of paragraph 28 of the Complaint.

29. Air France denies the allegations of paragraph 29 of the Complaint.

30. Air France denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint.

31. Air France denies the allegations of paragraph 31 of the Complaint.

32. Air France denies the allegations of paragraph 32 of the Complaint.

33. Air France denies the allegations of paragraph 33 of the Complaint.

## CLAIM NO. 1

34. Air France restates and realleges its answers to paragraphs 1 – 33 of the Complaint as if fully restated herein.

35. Air France denies the allegations of paragraph 35 of the Complaint and refers to the terms and conditions of the contract of carriage for their content.

36. Air France denies the allegations of paragraph 36 of the Complaint.

37. Air France denies the allegations of paragraph 37 of the Complaint.

38. Air France denies that Plaintiff is entitled to any damages, as claimed in paragraph 38 of the Complaint.

## CLAIM NO. 2

39. Air France restates and realleges its answers to paragraphs 1 – 38 of the Complaint as if fully restated herein.

40. Paragraph 40 of the Complaint states a legal conclusion, not a factual allegation such as requires a response.

41. Air France denies the allegations of paragraph 41 of the Complaint.

42. Air France denies the allegations of paragraph 42 of the Complaint.

43. Air France denies the allegations of paragraph 43 of the Complaint.

44. Air France denies that Plaintiff is entitled to any damages, as claimed in paragraph 44 of the Complaint.

## CLAIM NO. 3

45. Air France restates and realleges its answers to paragraphs 1 – 44 of the Complaint as if fully restated herein.

46. Paragraph 46 of the Complaint states a legal conclusion, not a factual allegation such as requires a response. To the extent a response is required, Air France denies any liability under the Montreal Convention.

47. Air France denies the allegations of paragraph 47 of the Complaint.

48. Air France denies the allegations of paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint states a legal conclusion, not a factual allegation such as requires a response.

50. Paragraph 50 of the Complaint states a legal conclusion, not a factual allegation such as requires a response. To the extent a response is required, Air France denies any liability.

51. Air France denies the allegations of paragraph 51 of the Complaint.

52. Air France denies the allegations of paragraph 52 of the Complaint.

53. Air France denies that Plaintiff is entitled to any damages, as claimed in paragraph 53 of the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a cause of action for which relief may be granted.

2. Any injury suffered by Plaintiff or her decedent is solely attributable to the negligence of Plaintiff and her decedent.

3. Air France's actions in this matter were in full compliance with all applicable statutes, rules and regulations, as well as its own guidelines.

4. Plaintiff's remedies, if any, are subject to the limitations of all applicable international treaties.

5. Air France can bear no liability for the claims herein, as there was no "accident" as defined in the Montreal Convention.

6. If there was an "accident" within the meaning of the Montreal Convention, which is denied, Air France's liability is limited as set forth in the Montreal Convention.

7. The only damages which are available to Plaintiff are for delayed or denied boarding, not for personal injury or death.

8. Plaintiff has no standing to bring this action.

9. There is no basis for a survival claim under the Montreal Convention.

10. If Plaintiff is entitled to damages, which is denied, such damages are strictly limited to pecuniary damages under the Death on the High Seas Act. Other types of damages, including but not limited to consequential damages, damages for loss of consortium, loss of services, loss of love, comfort, companionship, solace and moral support, and exemplary damages, are barred.

1
2   DATED: May 12, 2008                    COZEN O'CONNOR
3
4                                   By:  /s/ Steven L. Rodriguez
                                         Christopher B. Kende
5                                        STEVEN L. RODRIGUEZ
                                         CHRISTOPHER RALEIGH (*pro hac vice*)
6                                        45 Broadway
                                         New York, New York 10006
7                                        (212) 509-9400
                                         Attorneys for Defendant
8                                        AIR FRANCE

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
                                          6
_____
        ANSWER TO SECOND AMENDED COMPLAINT, WITH AFFIRMATIVE DEFENSES
                            Case No. CV 08-00134-SC